

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. W. J. Townsend
County Attorney
Angelina County
Lufkin, Texas

Opinion No. 0-6402
Re: Is it a violation of law regu-
lating motor carriers for a
person to transport own pro-
perty in own motor vehicle
over public highway without
first having obtained a certi-
ficate or permit from the
Railroad Commission?

Dear Sir:

　　　　　We have received your recent request for an opinion and
we quote same as follows:

　　　　　"I write you for an opinion from your department
covering this situation:

　　　　　"A party of this section of the state is the owner
of several trucks and has purchased the output of a small
sawmill. He takes all the lumber manufactured by this
concern. He procures a bill of lading in his own name
and loads the lumber on his trucks and transports the
same on the state highways. He has priority ratings
from the W.P.B. to sell this lumber. He transports
this lumber over the state highways with bill of lading
in his own name, thereafter he sells the same to sun-
dry buyers. He maintains no lumber yard.

　　　　　"Is this a violation of the state law, involving the
use made of the state highway in the transportation of
commodities?"

　　　　　We assume from your question that you have reference
to a violation of the laws regulating motor carriers.

　　　　　Subsections (g) and (h) of Section 1 of Article 911b, V.A.C.S.,
gives the following definitions:

　　　　　"(g) The term 'motor carrier' means any per-
son, firm, corporation, company, co-partnership, asso-

ciation or joint stock association, and their lessees, receivers or trustees appointed by any Court whatsoever owning, controlling, managing, operating or causing to be operated any motor-propelled vehicle used in transporting property for compensation or hire over any public highway in this State, where in the course of such transportation a highway between two or more incorporated cities, towns or villages is traversed; provided, that the term 'motor carrier' as used in this Act shall not include, and this Act shall not apply to motor vehicles operated exclusively within the incorporated limits of cities or towns."

"(h) The term 'contract carrier' means any motor carrier as hereinabove defined transporting property for compensation or hire over any highway in this State other than as a common carrier. As amended Acts 1931, 42nd Leg., p. 480, ch. 277 | 1."

Subsection (1) of Section 1a of said Article 911b, sets out certain exemptions, among others, from the foregoing definitions, as follows:

"Sec. 1a (1) Provided, however, that the term 'Motor Carrier' and the term 'Contract Carrier' as defined in the preceding section shall not be held to include:

"(a) Any person having a regular, separate, fixed, and established place of business, other than a transportation business, where goods, wares, and merchandise are kept in stock and are primarily and regularly bought from the public or sold to the public or manufactured or processed by such person in the ordinary course of the mercantile, manufacturing, or processing business, and who, merely incidental to the operation of such business, transports over the highways of this State such goods of which such person is the bona fide owner by means of a motor vehicle of which such person is a bona fide owner."

Section 1b of said Article 911b, provides, in regard to persons coming within the exemptions set out in said subsection (1) of Section 1a of said Article, as follows:

"Sec. 1b. Any person who transports goods,

wares, or merchandise under the circumstances set fort in the foregoing Section 1a so as to be excluded by the terms of said Section from the definition of 'motor carrier' or 'contract carrier' shall be deemed to be a private motor vehicle owner; and such use of the highways by such private motor vehicle owners, as herein defined, shall be construed as use of the highways for the general public and not the use of such highways for the carrying on the business of transporting property for compensation or hire. Added Acts 1941, 47th Leg., p. 463, ch. 290, ⁋ 1."

Sec. 2 of said Art. 911b, provides as follows:

"No motor carrier, as defined in the preceding section, shall operate any motor-propelled vehicle for the purpose of transportation or carriage of property for compensation or hire over any public highway in the State except in accordance with the provisions of this Act; provided, however, that nothing in this Act or any provision thereof shall be construed or held to in any manner affect, limit or deprive cities and towns from exercising any of the powers granted them by Chapter 147, Pages 307 to 318, inclusive of the General Laws of the State of Texas, passed by the 33rd Legislature, or any amendments thereto. As amended Acts 1931, 42nd Leg., p. 480, ch. 277, ⁋ 2."

Sec. 3 of said Article 911b, provides as follows:

"No motor carrier shall, after this Act goes into effect, operate as a common carrier without first having obtained from the Commission, under the provisions of this Act; a certificate of public convenience and necessity pursuant to a finding to the effect that the public convenience and necessity require such operation. No motor carrier shall, after this Act goes into effect, operate as a contract carrier without first having obtained from the Commission a permit so to do, which permit shall not be issued until the applicant shall have in all things complied with the requirements of this Act. As amended Acts 1931, 42nd Leg., p. 480, ch. 277 ⁋ 3."

In the case of New Way Lumber Co. et al, vs. Smith et al, 96 S. W. (2) 282, involving the applicability of Section 1 of said Article 911b to a company carrying their lumber in trucks to various points in Texas, for which carrying they made a charge for the expense of delivery, which was above the regular price therefor, the Supreme Court of Texas held as follows:

> "Under the facts stated here the carrying of lumber owned by the company in its own trucks does not exempt if from the provisions of this law. This is not a case where the trucks are operated exclusively within the incorporated limits of a town or city; nor is it a case where the price of goods delivered is the same as those undelivered. On the contrary, it is clearly a case where the price of the lumber includes a direct charge for the delivery thereof. The carrying charge is based directly on the distance traveled and the weight of the truck. Since the Company receives compensation for the delivery of the lumber, it clearly appears that the trucks used come under the definition of a 'contract carrier', and are subject to the provisions of Article 911b."

After the rendition of the opinion in the above mentioned case, and because of it, the 47th Legislature of Texas amended said Article 911b by adding said Sections 1a and 1b, supra, to same. Said amendment containing the specific exemptions as above set out.

We believe the solution of your question depends upon two questions of fact, namely: first whether the price of the lumber delivered is the same as that undelivered, and if not, then second: whether the owner of the trucks and lumber in question has a regular, separate, fixed, and established place of business, etc., so as to bring him within the exemption provided in subsection (a) of (1), Section 1a, of said Article 911b.

If the first question is determined in the affirmative, then under the holding of the Supreme Court the operator in question would not come within the definition of a "motor carrier" or "contract carrier". This is of course assuming that no charge at all is made for such hauling. If, however, the first question is determined in the negative, and the operator does come within the definition of the terms "motor carrier" or "contract carrier", according to said Supreme Court Opinion, then it must be determined whether or not such operator comes within the said statutory exemption (subsection (a) of subsection (1) of Section 1a of Art. 911b, V.A.C.S)

As said by the Supreme Court of this State in opinions contained in Vol. 82 S. W. (2) 941, and Vol. 96 S. W. (2) 282, it is a question of fact, to be determined from all the facts and circumstances, as to whether or not the owners operating the trucks are motor carriers as defined by law, and subject to the provisions of the Article.

Not having all the facts of your situation before us, it is impossible to answer your question categorically.

Trusting the foregoing will enable you to solve this situation, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ Robert L. Lattimore, Jr.
Robert L. Lattimore, Jr.
Assistant.

RLL:rt:ps

APPROVED FEB 28, 1945

/s/ Grover Sellers

ATTORNEY GENERAL OF TEXAS